UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.      : | Criminal No. 06-CR-060 (RJL) |
| : | |
| GABRIEL WILLIAMS,   : | |
| Defendant.    : | |

**GOVERNMENT'S OPPOSITION TO MOTION FOR MODIFICATION OF BOND**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to the defendant's Motion for Modification of Bond. In support of this opposition, the Government relies on the points and authorities set forth in this memorandum and at any hearing on this matter.

**BACKGROUND**

At approximately 6:30 a.m,. on February 2, 2006, Drug Enforcement Administration (DEA) agents executed a judicially approved district court search warrant at 4221 Edson Place, N.E., Washington, D.C. On that morning, the defendant was driving a Cadillac DeVille and parked in front of 4221 Edson Place, N.E. After the defendant exited his automobile, DEA agents explained to the defendant that they had a search warrant for his residence. The DEA agents detained the defendant and proceeded to searched him. A DEA agent felt a large bulge in the defendant's pocket and removed it. The bulge was $5,451.00 in U.S. currency. The agents showed the defendant a copy of the search warrant. The defendant provided the agents with his house keys, and the defendant and the agents entered the residence. The agents asked the defendant if there was anything dangerous in the residence, and the defendant stated that he had a gun in the master bedroom under a pillow on the bed. The defendant also stated that there was cocaine in a black bag in the laundry closet, as well

as another gun behind the cushion on the sofa. The defendant directed the agents to a gun in a false book on a cabinet above the stove in the kitchen.

Agents found a loaded HK .45 semi-automatic firearm behind a cushion on the sofa in the living room; a loaded Glock .40 caliber semi-automatic firearm under a pillow on the bed in the master bedroom; and a loaded Texas Defender .44 caliber Magnum firearm on top of the cabinet above the stove in the kitchen.

Agents also found a black backpack in the defendant's laundry room. Inside the backpack was approximately 126.2 grams of cocaine base and 79.6 grams of cocaine hydrochloride, two digital scales with cocaine residue on them, hundreds of small ziplock bags, latex gloves, and three diskettes. There was also numerous documents in the defendant's name.

While in custody the defendant told agents that he recently quit his job, and he stated that he owned the 2003 Cadillac DeVille. After a detention hearing before the Honorable Magistrate Judge Alan Kay on February 8, 2006, the Court ordered the defendant be held without bond. The defendant now moves this Court to modify his bond status, requesting conditional release.

On April 6, 2006, a grand jury indicted the defendant as follows: Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base; Unlawful Possession with Intent to Distribute Cocaine; Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense; and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. The defendant is currently being held without bond and has requested conditional release.

## DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et. seq.* states that if a judicial officer finds

by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C.Cir. 1987). In addition, 18 U.S.C. § 3142(e) provides that in a case where the defendant has committed a crime of violence or a drug offense where a maximum term of imprisonment of ten years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Under 18 U.S.C. § 3142(g), a judicial officer must take into account the following before ordering detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S. C. § 3142(g).

The Honorable Magistrate Judge Alan Kay held a detention hearing on February 8, 2006. At that hearing, DEA Special Agent Janelle Boggs, who was present at the time of the search of the residence at 4221 Edson Place, N.E., testified. Based on Special Agent Boggs' testimony, Magistrate Judge Kay found that there was probable cause to believe that the defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). Detention Memo. at 3. Magistrate Judge Kay also held that the defendant was unable to overcome the presumption in favor of detention, finding that the proffered evidence clearly and convincingly established that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. Id. at 5.

Weighing the factors set forth in 18 U.S. C. § 3142(g), the Court found that the nature and circumstances of the offense and the weight of the evidence, which included 126 grams of crack cocaine, 79 grams of cocaine powder and paraphernalia, and three loaded weapons hidden in the residence, favored detention. Id. at 4. While the Court found that the defendant's ties to the community did not support pretrial detention, it correctly concluded that the nature and seriousness of the danger to the community favored pretrial detention. Id. at 4-5. In considering this last factor, the Court noted that although the defendant had not yet been charged with unlawful gun possession, DEA agents had recovered three loaded weapons hidden in the residence at 4221 Edson Place, N.E.

In addition to Magistrate Judge Kay's findings, the Government also emphasizes the defendant's two prior criminal charges to support its opposition to the defendant's request for pretrial release. In 1993, the defendant was charged with possession with the intent to distribute marijuana and received a suspended sentence. In 1998, the defendant was charged in Maryland with carrying a handgun in a vehicle, and pled guilty to transportation of a handgun and received a three year sentence of imprisonment (suspended) with a probationary sentence. While the defendant may have completed probation for the 1998 handgun charge without incident, his prior criminal history, coupled with the offenses with which he is currently charged, establishes that the defendant continues to engage in criminal activity and that he poses a danger to the community. The defendant points out in his motion that the handgun offense is a misdemeanor, and the Court should give this offense little, if any weight in considering whether the defendant is dangerous. A review of the discovery in that case, which the government has provided the defendant, clearly establish the seriousness of the defendant's conduct. On November 28, 1998, at approximately 1:55 a.m., the defendant was completely intoxicated in Takoma Park, Maryland. Police approached his automobile

4

which was stopped in the roadway. The vehicle was blocking the roadway. The defendant was trying to restart the automobile. Police assisted the defendant in pushing the automobile to the side of the roadway when they noticed the defendant was visibly intoxicated. The defendant told the police that he was "drunk," and "fucked up." Upon the defendant's arrest a loaded .40 caliber handgun was located inside the trunk of his car. Although the defendant states that the loaded gun was in a "closed container," the closed container he is referring to was a backpack. Furthermore, Magistrate Judge Kay found that the history of the defendant "does not support pretrial detention." Detention Memo. at 4.

The evidence against the defendant is overwhelming. The defendant is the sole owner of the residence. All documentation recovered in the residence was in his name. The defendant directed the defendant to the drugs and guns. If convicted, the defendant faces a minimum mandatory sentence of fifteen years incarceration, with a maximum sentence of life imprisonment.

The defendant submitted several character references to attest to his community ties and "non-violent character." As noted above, Magistrate Judge Kay found that the defendant's history and character do not support detention, but enumerated several other reasons as to why the defendant should be held pending trial. What the court did find was that the nature and circumstances of the offense charged; the weight of the evidence against the defendant; and the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release warrant pretrial detention.

Moreover, at the time of his arrest, the defendant was unemployed and tested positive for cocaine. Despite the defendant's employer's assurance to Magistrate Judge Kay that the employer would take the defendant back upon release, the Court still found that the nature and circumstances

of the charged offenses, the weight of the evidence, and the nature and seriousness of the danger to the community all weighed in favor of pretrial detention.

## CONCLUSION

For all of the reasons set forth above, the Government respectfully requests that this Court deny the defendant's Motion for Modification of Bond.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Anthony Scarpelli
Assistant United States Attorney
D.C. Bar No. 474711
Narcotics Section
555 4th Street, N.W. #4816
Washington, DC 20530
Phone: 353-1679

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this motion has been sent, by ECF, to the attorney for the defendant, Frances D'Antuono, this 27th day of April, 2006.

_____

Anthony Scarpelli
Assistant United States Attorney